IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                Case Nos.:    5:07cr49/MW/GRJ
                                                 5:16cv169/MW/GRJ
REMIGIUS CHRISTOPHER BIRKO,

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's second amended
"Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence
by a person in Federal Custody."   (ECF No. 165.)   The Government has
filed a response (ECF No. 174.) This case was referred to the undersigned
for the issuance of all preliminary orders and any recommendations to the
district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2;
*see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of
the record and the arguments presented, the Court concludes that
Petitioner's motion should be denied.

## BACKGROUND and ANALYSIS

In September of 2007, Petitioner was charged in a two count
indictment with conspiracy to possess with intent to distribute cocaine and
more than 50 grams of cocaine base ("Count One") and possession with

intent to distribute cocaine and more than 50 grams of cocaine base on a date certain ("Count Two"). (ECF No. 18.) The charges stemmed from Petitioner's "renting" his vehicle to co-defendant Kim Benson in exchange for crack cocaine. Petitioner drove Benson or accompanied Benson as he engaged in drug transactions using Petitioner's vehicle. Petitioner's involvement occurred over approximately one week, during which time Petitioner estimated he received about $1,000 worth of crack cocaine (ECF No. 90 at 3; ECF No. 167, PSR ¶¶ 14, 19.) Petitioner's involvement in the offense conduct was fueled by his addiction. (ECF No. 167, PSR ¶¶ 19, 66.)

Shortly after the Government filed a notice of intent to seek enhanced penalties due to his prior convictions, Petitioner entered a guilty plea to Count One of the indictment pursuant to a written agreement and statement of facts. (ECF Nos. 81, 89, 90.) The Government moved to dismiss Count Two. (ECF No. 92.) Because Petitioner had two prior convictions for drug offenses, the statutory mandatory penalty was life imprisonment. (ECF No. 167, PSR ¶¶ 77.) The otherwise applicable guidelines range was 262 to 327 months imprisonment, based on a total offense level of 34 and a criminal

history category of VI. (ECF No. 167, PSR ¶ 78.) This range, which included a Career Offender enhancement pursuant to U.S.S.G. § 4B1.1, was trumped by the application of the statutory minimum mandatory penalty. (ECF No. 167, PSR ¶¶ 27, 78.)

The Government filed a "Motion Concerning Substantial Assistance"[1] in which it noted Petitioner's "immediate and candid" cooperation with regard to the facts in this case. (ECF No. 96 at 2.) It downgraded its assessment of Petitioner's cooperation as a whole due to his apparent attempts to fabricate evidence and provide testimony with respect to another matter which he did not witness. (*Id.*)

The district court departed significantly from the statutory mandatory term of life and sentenced Petitioner to a term of 180 months imprisonment. (ECF Nos. 99, 100.) Petitioner did not appeal, but moved in November of 2014 for a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines. (ECF No. 156.) Petitioner's case was reassigned to a different judge in light of the retirement of the original judge. The court denied the motion on the basis that Petitioner's guidelines range had not

---

[1] This motion originally was not filed under seal. The undersigned directed the clerk's office to seal the motion.

Case Nos.: 5:07cr49/MW/GRJ; 5:16cv169/MW/GRJ

changed, since his guideline range had been determined pursuant to the career offender guidelines rather than the drug guidelines. (ECF No. 163 at 2.) The order did not mention the statutory minimum mandatory.

In June of 2016 Petitioner filed the instant motion to vacate, raising a single ground for relief. He maintains that the district court erred when it used his prior Florida burglary conviction to enhance his sentence under § 4B1.2 because "burglary" is no longer a qualifying conviction after *Johnson v. United States*, 135 S. Ct. 2551 (2015). He asserts that the motion is timely because it was filed within one year from the date the United States Supreme Court decided *Johnson.* (ECF No. 165 at 11.)

The Supreme Court's opinion in *Johnson* addressed the Armed Career Criminal Act ("ACCA"). Pursuant to the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of

Case Nos.: 5:07cr49/MW/GRJ; 5:16cv169/MW/GRJ

explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The Court ruled that the ACCA's "residual clause" was unconstitutionally vague.

Petitioner argues, as have many others, that because the ACCA's definition of violent felony is substantively identical to the definition of "crime of violence" contained in § 4B1.2, *Johnson*'s analysis should apply to his case. If he were correct, his prior Florida burglary conviction thus would not be a qualifying predicate offense and the career offender enhancement should not apply. *See Mathis v. United States*, 136 S. Ct. 2243 (2016). However, first the Eleventh Circuit and then the Supreme Court have rejected the notion that the advisory guidelines are subject to a due process vagueness challenge. *See United States v. Matchett*, 802 F. 3d 1185, 1193-96 (11th Cir. 2015); *Beckles v. United States*, 137 S. Ct. 886, 897 (2016). Petitioner's *Johnson*-based argument is thus without merit.

The Government suggests in its response that it may be appropriate to assign counsel for Petitioner to consider other potential claims for relief. Specifically, it notes that while Petitioner's convictions for burglary are crimes

of violence, they do not appear to be "prior felony convictions" as defined in U.S.S.G. § 4B1.2(c). This section provides that for the career offender enhancement to apply, "the defendant [must have] committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.2(c)(1). Petitioner's limited involvement in the offense conduct in this case occurred in August of 2007. (ECF No. 167, PSR ¶¶ 5-14.) Although the burglaries and Petitioner's arrest for these offenses occurred in August of 2007, he was not adjudicated guilty of the burglaries until March 26, 2008. (ECF No. 167, PSR ¶¶ 45-47.) Thus, at the time he committed the offense of conviction in this case, he had not yet been convicted of the burglary conviction identified as the second predicate offense for the career offender enhancement. (ECF No. 167, PSR ¶ 27).

Petitioner's felony conviction for possession of alprazolam (PSR ¶ 40) fell within the definition of a felony drug offense contained in 21 U.S.C. § 802(44) and thus supported the application of an enhanced penalty under 21 U.S.C. § 841(b). However, because the description of that offense did not expressly include "intent to manufacture, import, export, distribute, or

dispense" as required by U.S.S.G. § 4B1.2(b), it was not identified as a "controlled substance offense" within the meaning of the guidelines that could support the Chapter Four enhancement.

As discussed above, at sentencing, the guidelines range was superseded by the statutory mandatory life term. (ECF No. 167, PSR ¶ 78; U.S.S.G. § 5G1.1(b).) The Government suggests that this contributed to the failure of the parties involved to consider that Defendant might not be a career offender, and notes that regardless of his career offender status, Petitioner faced a statutory mandatory life term. (ECF No. 167, PSR ¶¶ 77, 78.) It was only because of the substantial assistance motion that the court was permitted to depart from the statutory mandatory term, which it did.

Petitioner did not raise this issue in his § 2255 motion, and if he had, relief would not be forthcoming. First, this claim would be procedurally barred, as it could have been raised on direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1234–35 (11th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). Second, the claim would be time barred pursuant to 28 U.S.C. § 2255(f), as the claim was immediately available upon his conviction.

Case Nos.: 5:07cr49/MW/GRJ; 5:16cv169/MW/GRJ

Third, even if the claim was not barred, Petitioner would not be entitled to collateral relief. The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn*, 365 F.3d at 1232 (citations omitted). The Eleventh Circuit has said that erroneously designating a defendant as a career offender "is not a fundamental defect that inherently results in a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014).

Finally, if Petitioner had raised the issue as an ineffective assistance of counsel claim, in order to prevail he would be required to show both deficient performance of counsel and prejudice. *Strickland v. Washington*,

466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.    *Id.*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).    Clearly, the difference between the initial range of 262 to 327 months and a range of 92 to 115 months[2] is significant. However, because Petitioner's sentence was born out of a mandatory life term and a 5K1 motion, the underlying guidelines calculations had no obvious impact on his sentence, whether pursuant to Chapter Four or to Chapters Two and Three.    Petitioner's 180 month sentence was fifty percent of a 360 month sentence and bore no relationship to the initial range believed by all parties to be correct.    Obviously, it is impossible to divine with certainty what might have happened had the district court been presented with the lower advisory guideline range.    Regardless, under the facts and circumstances of this case, even assuming Petitioner had raised a timely ineffective assistance of counsel claim, he would not have been entitled to relief.

---

[2] If Petitioner's base offense level of 30 were reduced by four levels due to his minimal role and another three levels for acceptance of responsibility, his total offense level would be 23.    If his criminal history category remained at VI, the applicable advisory guidelines range would be 92 to 115 months.

Case Nos.: 5:07cr49/MW/GRJ; 5:16cv169/MW/GRJ

<u>Conclusion</u>

Petitioner's claim that he is entitled to relief due to *Johnson*'s retroactive application to the Career Offender provision of the Sentencing Guidelines is foreclosed by binding Supreme Court precedent. Appointment of counsel is not warranted for analysis of the error identified by the Government in the PSR.   The district court may wish to consider entering an order correcting the PSR and clarifying that no sentencing relief is warranted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>,

529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 165) should be **DENIED,** but the court may consider issuing an order removing the Career Offender designation in the PSR.

2. A certificate of appealability should be **DENIED**

**IN CHAMBERS** at Gainesville, Florida, this 11th day of April, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 5:07cr49/MW/GRJ; 5:16cv169/MW/GRJ

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.