# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:07-cr-00049-MW-GRJ-4

REMIGIUS CHRISTOPHER BIRKO,

    *Petitioner.*

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255, AND DENYING APPOINTMENT OF COUNSEL

This matter is before the Court on ECF No. 176, in which the Magistrate Judge recommends that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 be denied. Mr. Birko did not file objections but filed a motion for appointment of counsel, ECF No. 178. For the reasons which follow, the Report and Recommendation is adopted and the motion for appointment of counsel is denied.

In his § 2255 motion, Petitioner raises a single claim: that his sentence violates due process of law based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), because the Career Offender provision of the Sentencing Guidelines should not have applied to him. That is, he argues that his Florida burglary conviction is not a qualifying predicate "crime of violence" under Guidelines § 4B1.2 and thus

he does not qualify as a career offender under the Guidelines. This Court agrees that this argument has been expressly foreclosed by Eleventh Circuit and Supreme Court precedent in *United States v. Matchett*, 802 F. 3d 1185, 1193-96 (11th Cir. 2015) and *Beckles v. United States*, 137 S. Ct. 886, 897 (2016). Thus, the Magistrate Judge correctly recommends that Petitioner's motion under § 2255 should be denied.

However, the government and Magistrate Judge also point out that, at the time of sentencing, Petitioner had other arguments that the Career Offender provision should not have applied to Petitioner. First, this Court agrees that none of the three burglary convictions which Petitioner sustained on March 26, 2008, ¶¶ 45-47 in the Presentence Report, ECF No. 167, should have qualified as predicate offenses under the Career Offender provision because Petitioner committed the instant offense in August of 2007, seven months before he sustained those burglary convictions. Second, this Court agrees that the conviction he sustained on April 15, 2002, for possession of un-prescribed Xanax does not qualify as a "controlled substance offense" under the Career Offender provision because that provision requires an element of actual or intended "manufacture, import, export, distribution, or dispensing." Mere possession is not enough. Sentencing Guidelines § 4B1.2(b).

Unfortunately for Petitioner, however, the Magistrate Judge is correct in recommending that these arguments cannot provide relief for Petitioner. First, this Court agrees that Petitioner should have brought this claim on direct appeal or as an ineffective assistance of counsel claim in his § 2255 motion. Also, because these arguments were available to Petitioner at the time of sentencing, he should have brought them within the one-year time limit of 28 U.S.C. § 2255(f), even if he chose to couch them in terms of an ineffective assistance of counsel claim. He did not. Thus, these arguments would be procedurally defaulted.

Also, this Court agrees with the Magistrate Judge that Petitioner cannot show either prejudice from these errors or a fundamental miscarriage of justice because of them. Petitioner, then 28 years old, faced a mandatory sentence of life imprisonment but received a substantially reduced sentence of 15 years due to the filing of a substantial assistance motion by the government. A white male born in 1979 has a life expectancy of approximately 75 to 76 years,[1] and so Petitioner's 15-year sentence can be viewed as a reduction of 33 years from his potential sentence. A motion under 18 U.S.C. § 3553(e) and Guidelines § 5K1.1 permits the Court to depart below the statutory mandatory minimum and Guidelines range and frees the

---

[1] Centers for Disease Control, National Vital Statistics Reports, Table A, available at https://www.cdc.gov/nchs/data/nvsr65/nvsr65_08.pdf.

*Case No: 5:07-cr-00049-MW-GRJ-4*

Court to impose the appropriate sentence taking into account the factors listed in 18 U.S.C. § 3553 and Guidelines § 5K1.1(a) and all of the circumstances of the offense, the offender's criminal history and his level of cooperation. In light of such a substantial reduction by the sentencing judge, it would be pure speculation to argue that the judge would have departed even further had the Career Offender provision not been in play.

This Court also finds that the government and the Magistrate Judge made these arguments on behalf of Petitioner as fully as appointed counsel would. Thus, appointment of counsel would do little to advance this case or Petitioner's cause. Accordingly,

**IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge, ECF No. 176, is adopted and incorporated herein.

2. The Motion for Appointment of Counsel at ECF No. 178 is DENIED.

3. The Motion to Vacate at ECF No. 165 is DENIED.

4. The Clerk is directed to enter a judgment stating as follows: "The Motion under 28 U.S.C. § 2255 to Vacate at ECF No. 165 is DENIED. A certificate of appealability is DENIED."

5. The Clerk is directed to close the file.

**SO ORDERED on May 31, 2017.**

<u>s/Mark E. Walker</u>
**United States District Judge**

*Case No: 5:07-cr-00049-MW-GRJ-4*